**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera (SBN 192390)
Kimberly R. Arnal (SBN 200448)
Aaron M. Daniels (SBN 279681)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
karnal@aguileragroup.com
adaniels@aguileragroup.com

Attorneys for Plaintiff, EMPLOYERS ASSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| EMPLOYERS ASSURANCE COMPANY, a Florida Corporation<br><br>Plaintiff,<br><br>v.<br><br>THE FORD STORE MORGAN HILL, INC., a California Corporation; and DOES 1 through 10 inclusive, | Case No.:<br><br>**EMPLOYERS ASSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF** |

Comes now Plaintiff EMPLOYERS ASSURANCE COMPANY and pleads the following allegations on information and belief in support of its complaint herein:

**JURISDICTION**

1. Plaintiff EMPLOYERS ASSURANCE COMPANY ("EMPLOYERS") is now, and at all relevant times was, a corporation, existing under the laws of the State of Florida, with its principal place of business in Florida. EMPLOYERS is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant THE

1

1 FORD STORE MORGAN HILL, INC. ("FORD"), is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Clara County, California. Plaintiff is informed and believes and thereon alleges that FORD is a car dealership that sells cars in California.

3. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE Defendants. Plaintiff will amend this Complaint to reflect the true names when the same are ascertained. Plaintiff is informed and believes and thereon alleges that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

4. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds the jurisdictional minimum, and represents defense fees and costs, and indemnity sought by FORD in connection with a settlement FORD reached in Santa Clara Superior Court, Case No. 21CV384632, entitled *Maria Souto, et al. v. The Ford Store Morgan Hill, Inc., et al.* (the "Underlying Action").

## VENUE

5. Plaintiff EMPLOYERS is informed and believes and thereon alleges that the Employers Policy referenced below was issued within this judicial district within the State of California. In addition, Defendant FORD resides within this judicial district. Venue, therefore, lies with this Court.

## GENERAL ALLEGATIONS

**A.      The Relevant Insurance Policy**

6. EMPLOYERS issued the following workers' compensation and employers liability insurance policy to FORD:

| Policy Number | Policy Period |
|---|---|
| EIG 2314912 03 | 3/01/19-3/01/20 |

The above referenced policy is referred to as the "Employers Policy".

    7.    The Employers Policy provides in relevant part:

**PART II**

**EMPLOYERS LIABILITY INSURANCE**

**A.**    **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury means a physical injury including resulting death.

    1.    The bodily injury must arise out of and in the course of the injured employee's employment by you.

    2.    The employment must be necessary or incidental to your work in California.

    3.    Bodily injury by accident must occur during the policy period.

    4.    Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

    5.    If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United State of America, its territories or possessions, or Canada.[1]

**B.**    **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is

---

[1] As amended by the Employers' Liability Coverage Amendatory Endorsement – California (Form WC

covered by this Employers Liability Insurance.

The damage we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover damages claimed against such third party as a result of injury to your employee.

2. For care and loss of services; and

3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**D.   We will Defend**

We have the right and duty to defend, at your expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.  We have not duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

8. The Employers Policy expressly excludes any liability for:

   2. Punitive or Exemplary Damages – Uninsurable.  This policy does not cover punitive damages where insurance of liability therefore is prohibited by law or contrary to public policy.[2]

  * * *

   4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law.

  * * *

   7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, termination of employment, or any personal practices, policies, acts or omissions.[3]

9. The Employers Policy contains the following potentially relevant conditions:

**PART FOUR**

**YOUR DUTIES IF INJURY OCCURS**

  * * *

   6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own costs.

**B.** **The Incident**

10. Plaintiff is informed and believes and thereon alleges that on June 25, 2019, FORD terminated the employment of Steve Leet ("Leet").  After his termination, Leet went to his car in the Ford Store parking lot, returned to the building, and killed two FORD employees with a firearm before shooting and killing himself ("Incident").  Xavier Anthony Souto ("Souto") was one of the employees Leet killed.

///

---

[2] As amended by the Policy Amendatory Endorsement – California (Form WC 04 03 01 D (ED. 02-18)).
[3] As amended by the Employers Liability Coverage Amendatory Endorsement – California (Form WC 04 0360 B (ED. 01-15)).

**C.     The Workers Compensation Claim**

11.     Plaintiff is informed and believes that a workers compensation claim was filed on behalf of Souto by Maria De Lourdes Castillo Perez, Souto's live in girlfriend and mother of their son.

12.     Plaintiff is informed and believes that on April 21, 2020, the Workers Compensation Appeals Board issued an order approving a compromise and release of the Workers Compensation claim which resulted in an award of $228,000 to Ms. Perez (individually and as the Guardian Ad Litem for Souto, Jr.)  Ms. Perez was also awarded $31,200 in attorney fees.  EMPLOYERS paid both awards.

**D.     The Underlying Litigation**

13.     On June 22, 2021, Maria Souto, Joseph Souto, Xavier Anthony Souto, Jr. and Ida Maria Maciel as the personal representative for the Estate of Xavier Anthony Souto, initiated the Underlying Action against FORD for negligence/gross negligence in the June 25, 2019, death of Souto.

14.     EMPLOYERS is informed and believes that the Underlying Action was never served on FORD but that plaintiffs' counsel provided FORD with a courtesy copy of the complaint.

15.     Despite never having been served, the defense of FORD in the Underlying Action was tendered to EMPLOYERS.  By letter dated July 22, 2021, FORD requested that EMPLOYERS agree to participate in a "potential settlement meeting" being held four business days later on July 28, 2021.

16.     On July 28, 2021, EMPLOYERS advised FORD, through their respective counsel, that it did not believe the Underlying Action was covered under the Employers Policy and requested that FORD provide it with additional information.

17.     On August 5, 2021, FORD wrote to EMPLOYERS, through their respective counsel, regarding why it believed EMPLOYERS had a duty to defend and indemnify it against the Underlying Action.

///

18. EMPLOYERS, through its counsel, wrote to coverage counsel for FORD on multiple occasions, requesting additional information concerning the Underlying Action.

19. On August 17, 2021, coverage counsel for FORD finally responded to EMPLOYERS' inquiries, and advised that the July 28, 2021, meeting did go forward, that no settlement was reached but the parties were continuing to negotiate.

20. On August 18, 2021, EMPLOYERS advised FORD that, out of an abundance of caution, it would defend it against the Underlying Action pursuant to a reservation of rights.

21. On August 20, 2021, coverage counsel for FORD advised EMPLOYERS that FORD had settled the Underlying Action on August 17, 2021, and invited EMPLOYERS to participate in a mediation to resolve coverage issues arising out of the Underlying Action.

## **FIRST CAUSE OF ACTION FOR**
## **DECLARATORY RELIEF**
### **(By Plaintiff Against all Defendants)**

22. EMPLOYERS hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

23. An actual, present, and justiciable controversy has arisen and now exists between EMPLOYERS, on the one hand, and FORD on the other, concerning EMPLOYERS' rights, duties, and obligations under the Employers Policy.

24. Specifically, EMPLOYERS contends and is informed and believes that FORD disputes the following:

   a. EMPLOYERS has no obligation to defend or indemnify FORD for claims in the Underlying Action.

25. EMPLOYERS asserts and contends that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights, duties, and obligation between EMPLOYERS and FORD, under the provisions of the Employers Policy.

# PRAYER FOR RELIEF

EMPLOYERS respectfully prays for judgment, as follows:

1. For a judicial declaration that (1) EMPLOYERS has no obligation to defend or indemnify FORD for claims in the Underlying Action;

2. For costs of suit herein;

3. For such other and further relief as this Court deems just and proper.

Dated:  September 1, 2021        **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Kimberly R. Arnal, Esq.
Aaron M. Daniels, Esq.
Attorneys for Plaintiff
EMPLOYERS ASSURANCE COMPANY